FILED
SUPERIOR COURT
OF GUAM

2021 JUN 24 PM 1: 50

CLERK OF COURT

BY: _____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| YI PING WU, | ) | CIVIL CASE No. CV00680-20 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | DENYING DEFENDANT'S MOTION |
| TUMON VIEW CONDO | ) | TO DISMISS AND GRANTING |
| HOMEOWNDERS ASSOCIATION, | ) | PLAINTIFF LEAVE TO AMEND |
| | ) | VERIFIED COMPLAINT |
| Defendant. | ) | |
| | ) | |

## I.    INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon upon Defendant Tumon View Condo Homeowners Association's ("Defendant") Motion to Dismiss Pursuant to Guam Rules of Civil Procedure ("GRCP") Rules 12(b)(6) and Rule 9 ("Motion"). Defendant is represented by Attorney Mitchell F. Thompson. Attorney Gary Wayne Francis Gumataotao represents the Plaintiff Yi Ping Wu (the "Plaintiff"). Following the close of the pleadings, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.

After reviewing the parties' written briefs, the record on file with the court, and the applicable statutes and case law, the court now issues this Decision and Order DENYING Defendant's Motion to Dismiss and granting Plaintiff leave to amend its Verified Complaint.

## II.    BACKGROUND

Plaintiff filed a Verified Complaint on September 11, 2020 alleging that Defendant violated duties that were owed to the Plaintiff as set forth in the Articles and Bylaws of the

Tumon View Condo Homeowners Association. The issue arises out of a claim that Plaintiff's Unit 212 in the Tumon View Condo sustained "wet damage" as a result of water leaking into her unit from above her in Unit 312. With regard to her fraud claim, Plaintiff alleges that Defendant failed to render services to repair damages to her condominium thereby committing fraud because Defendant charged and Plaintiff paid common area fees for such services, which Defendant "refuses or fails to render." *Verified Compl.* ¶ 6–10. On October 19, 2020, Defendant filed a Motion to Dismiss ("Motion") Pursuant to Rules 12(b)(6) and Rule 9 of the Guam Rules of Civil Procedure, arguing that Plaintiff's Verified Complaint fails to sufficiently state a claim for fraud under GRCP 9(b) for which relief can be granted and, as such, must be dismissed pursuant to GRCP 12(b)(6). *Mot.* at p. 1. Plaintiff filed an Opposition on October 28, 2020; Defendant filed its Reply on November 9, 2020.

## III.    LAW AND ANALYSIS

Guam law requires only "notice pleading" of a short and plain statement of the claim showing entitlement to relief. Rule 8 of the Guam Rules of Civil Procedure provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader seeks. Relief in the alternative or of several different types may be demanded.

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ukau v. Wang*, 2016 Guam 26 ¶¶ 25, 26 (citing *Core Tech Int.'l Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 15 ¶ 52 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a complaint will not be dismissed "unless it

'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ukau*, 2016 Guam ¶¶ 26, 51–52 (citations omitted). Additionally, in determining whether the 12(b)(6) motion should be granted, the pleadings must be viewed in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Taitano v. Calvo Fin. Corp. ("Taitano I")*, 2008 Guam 12 ¶ 9. In short, to survive Defendant's Motion, the Plaintiff's Complaint must contain facts establishing the material elements necessary to the fraud claim.

### a. Failure to Plead Fraud with Specificity under GRCP Rule 9(b)

The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Ukau v. Wang*, 2016 Guam 26, ¶ 36. In order to sufficiently plead a claim for fraud, the Plaintiff must articulate her claims with *particularity* under GRCP Rule 9(b), which provides as follows:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

Rule 9(b) does not require a plaintiff to *prove* a claim of fraud at the pleading stage. *Ukau v. Wang*, 2016 Guam 26, ¶ 47; quoting *Taitano I*, 2008 Guam 12 ¶ 16. Rather, what is required is that a plaintiff set forth her claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. This standard has been described as a "who, what, when, where, and how" requirement. *Id.* Moreover, "a key feature of a fraud claim is the 'knowledge of falsity (or scienter)' element." *Id.* at ¶ 40 (citing *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 60)("Fraud implies bad faith, intentional wrongdoing and a

sinister motive ... [and] is never imputed or presumed.")(alteration in original)(quoting *Davis v. Comm'r*, 184 F.2d 86, 87 (10th Cir. 1950)).

Plaintiff's Verified Complaint alleges the following in order to establish the factual basis for its claim for fraud:

> 6. The legal duties of the Defendant are set forth in those certain Articles and Bylaws dated October 25, 1984 filed with the Government of Guam Department of Land Management and constitute covenants that run with the land.
>
> 7. Plaintiff is a member of the subject condominium association by virtue of her unit ownership and regular payment of dues and assessments, if any.
>
> * * *
>
> 10. Defendant committed fraud as particularly described herein in charging common area fees to Plaintiff for services that Defendant is required but refuses or fails to render as described in the documents described herein and above.
>
> 11. Plaintiff is also entitled to punitive damages from Defendant in the amount of $2,500 for Defendant's fraud as described herein.

*Verified Comp.* (Sept. 11, 2020).[1]

In applying the factors and analysis in *Ukau*, the Court cannot find that Plaintiff's allegations of fraud as contained in the Verified Complaint are well pled. Even when taken as true, the allegations do not establish the requisite *scienter* to establish a claim for fraud. Specifically, the act alleged to have been committed by Defendant as constituting fraud is set forth in Paragraph 10 as the charging of common area fees to the Plaintiff while refusing or failing to render services covered by such common area charges. These allegations fall short of

---

[1] In support of its claims, Plaintiff attached (as Exhibit A to the Verified Complaint) a demand letter addressed to Defendant seeking compensation for damages purportedly caused by water leaking from the unit above her. No other documents, such as the Articles and Bylaws referred to in Paragraph 6 of the Verified Complaint, were submitted to the Court, either as part of the Verified Complaint or as part of the Opposition to the instant motion.

establishing any *scienter* or specific intent to defraud the Plaintiff, although they might arguably establish a breach of contract claim.[2]

### b. Dismissal for Failure to State a Claim under GRCP 12(b)(6)

As discussed, above, the Plaintiff has failed to articulate in sufficient detail in her Verified Complaint a cause of action for fraud which meets the "who, what, when, where, and how" standards established in *Taitano* and its progeny. However, dismissal is only proper if "it is clear …that the complaint could not be saved by any amendment." *Taitano* ¶ 9. Under Guam law, leave to amend should be liberally granted. *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21, ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)). While leave to amend pleadings should be liberally granted, however, Foman directs courts to review whether certain factors are present which may mitigate against leave to amend, including:

---

[2] *Compare* the averments contained in the instant Verified Complaint to the allegations in the *Ukau* Complaint:

21. [Ukau is] informed and believe[s] and on that basis allege[s] that all the defendants herein *voluntarily and willfully conspired* to transfer all the real properties owned by [Entity] so that the properties would not be available to satisfy Jennie Wang and Entity's liability to [Ukau] in Civil Case No. CIV11–00030.
....
29. [Ukau is] informed and believe[s] and on that basis allege[s] that the purported considerations which appear to be paid by defendants Fusheng Wang and Wei Ping Wang for the transfer of the real properties referred to in paragraphs 22, 23[,] 24, 25, 26 and 27 herein are *not genuine, are spurious, false, fraudulent and fabricated.*

*Ukau v. Wang*, 2016 Guam 26, ¶ 45 (Guam Aug. 31, 2016)(emphasis added). And the provisions in the same Complaint to establish *intent* to defraud:

28. [Ukau is] informed and believe[s] and on that basis allege[s] that all the defendants herein conspired and carried out the transfers of real properties of Entity with an *actual intent to hinder, delay, or defraud* the creditors of Entity and especially [Ukau].
....
30. [Ukau is] informed and believe[s] and on that basis allege[s] that in making and receiving the transfer of the above-mentioned real properties, defendants knew or at the very least had reasonable cause to believe that such transfers were made with a view to prevent the properties from coming to [Ukau].
....
32. [Ukau is] informed and believe[s] and on that basis allege[s] that the transfer of the property by defendants as described above was *done for the purpose of defrauding* [Ukau] and to obstruct the enforcement by legal process of their rights to take said properties in execution upon a judgment obtained by [Ukau] against defendants [Entity] and Jennie Wang in Civil Case No. CIV11–00030.
Id. at 9-10.

*Ukau v. Wang*, 2016 Guam 26, ¶ 46 (Guam Aug. 31, 2016).

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21, ¶ 16.

In this case, the Defendant has not filed an Answer to Plaintiff's Verified Complaint, there is nothing in the record to establish bad faith or any dilatory motive on the part of the Defendant movant, and this would be the Plaintiff's first opportunity to correct any deficiencies in the Complaint as identified herein. At this time, the Court does not find amendment to the Verified Complaint to be futile.

## IV.    CONCLUSION

For the reasons set forth herein, the DENIES Defendant's Motion to Dismiss Plaintiff's cause of action for fraud, finding an appropriate remedy which does not prejudice the Defendant and warranted under the circumstances, to permit the Plaintiff to amend its Verified Complaint in order to set forth allegations establishing the material elements of fraud.  The Amended Verified Complaint must be filed and served upon the Defendant within twenty (20) days of the entry of this Decision and Order on the docket.

**SO ORDERED** this _____ JUN 2 4 2021 _____ .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_M. Thomyboal_
_a. Gumataotao_
Date:_____ Time: 6/24/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

*Tumon View Condo Ass'n*, Civil Case No. CV0680-20
Page 6 of 6